EXHIBIT

A

(Pg. 1 of 28)

Bill Number: MA99RSB 136                    Filed: 12/ 2/98
    Author: Bernstein, R.

## The Commonwealth of Massachusetts
------------------------
### In the Year One Thousand Nine Hundred and Ninety-Nine.
------------------------

AN ACT RELATIVE TO THE SEX OFFENDER REGISTRY, CIVIL COMMITMENT, AND
    LIFETIME PAROLE.
    Whereas, The deferred operation of this act would tend to defeat its
purpose, which is to protect forthwith the vulnerable members of our
communities from sexual offenders, thereby it is hereby declared to be an
emergency law, necessary for the immediate preservation of the public
convenience.
    Be it enacted by the Senate and House of Representatives in General Court
assembled, and by the authority of the same, as follows:
    SECTION 1. Legislative Findings and Purpose.
    The general court hereby finds: (1) that the danger of recidivism
posed by sex offenders, especially sexually violent offenders who commit
predatory acts characterized by repetitive and compulsive behavior, to be
grave and that the protection of the public from these offenders is of
paramount interest to the government; (2) that law enforcement agencies'
efforts to protect their communities, conduct investigations and quickly
apprehend sex offenders are impaired by the existing lack of information known
about sex offenders who live within their jurisdiction and that the lack of
information shared with the public may result in the failure of the criminal
justice system to identify, investigate, apprehend and prosecute sex offenders;
(3) the system of registering sex offenders is a proper exercise of the
commonwealth's police powers regulating present and ongoing conduct, which will
provide law enforcement with additional information critical to preventing
sexual victimization and to resolve incidents involving sexual abuse promptly;
(4) in balancing offenders' rights with the interests of public security, the
release of information about offenders against children or other particularly
vulnerable persons and offenders who used force or the threat of bodily injury,
and is necessary, prior to classification, to protect the public safety in
light of such offenders' risk of reoffense and dangerousness; (5) registration
by sex offenders is necessary in order to permit classification of such
offenders on an individualized basis according to their risk of reoffense and
degree of dangerousness; (6) the public interest in having current information
on certain sex offenders in the hands of local law enforcement officials,
including prior to such classification, far outweighs whatever liberty and
privacy interests the registration requirements may implicate. Therefore, this
commonwealth's policy, which will bring the state into compliance with the
federal crime control act, 42 U.S.C. 170101, is to assist local law enforcement
agencies' efforts to protect their communities by requiring sex offenders to
register and to authorize the release of necessary and relevant information
about certain sex offenders to the public as provided in this act.
    SECTION 2. Chapter 6 of the General Laws is hereby amended by striking
out in sections 178C to 178P, inclusive, and inserting in place thereof the

following fourteen sections:-

Section 178C. As used in sections 178C to 178P, inclusive, the following words shall have the following meanings:-

"Agency," an agency, department, board, commission or entity within the executive or judicial branch which has custody of, supervision of or responsibility for a sex offender as defined in accordance with this chapter, including an individual participating in a program of any such agency, whether such program is conducted under a contract with a private entity or otherwise. Each agency shall be responsible for the identification of such individuals within its custody, supervision or responsibility. Notwithstanding any general or special law to the contrary, each such agency shall be certified to receive criminal offender record information maintained by the criminal history systems board for the purpose of identifying such individuals.

"Mental abnormality," a congenital or acquired condition of a person that affects the emotional or volitional capacity of such person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes such person a menace to the health and safety of other persons.

"Predatory," an act directed at a stranger or person with whom a relationship has been established, promoted or utilized for the primary purpose of victimization,

"Sentencing court", the court that sentenced a sex offender for the most recent sexually violent offense or sex offense, or the superior court if such sentencing occurred in another jurisdiction, or the sex offender registry board to the extent permitted by federal law and established by the board's regulations.

"Sex offense," an indecent assault and battery on a child under 14 under the provisions of section 13B of chapter 265; indecent assault and battery on a mentally retarded person under the provisions of section 13F of said chapter 265; indecent assault and battery on a person age 14 or over under the provisions of section 13H of said chapter 265; rape under the provisions of section 22 of said chapter 265; rape of a child under 16 with force under the provisions of section 22A of said chapter 265; rape and abuse of a child under the provisions of section 23 of said chapter 265; assault with intent to commit rape under the provisions of section 24 of said chapter 265; assault on a child with intent to commit rape under the provisions of section 24B of said chapter 265; kidnapping of a child under the provisions of section 26 of said chapter 265; enticing away a person for prostitution or sexual intercourse under the provisions of section 2 of chapter 272; drugging persons for sexual intercourse under the provisions of section 3 of said chapter 272; inducing a minor into prostitution under the provisions of section 4A of said chapter 272; living off or sharing earnings of a minor prostitute under the provisions of section 4B of said chapter 272; a second and subsequent adjudication or conviction for open and gross lewdness and lascivious behavior under the provisions of section 16 of said chapter 272; incestuous marriage or intercourse under the provisions of section 17 of said chapter 272; disseminating to a minor matter harmful to a minor under the provisions of section 28 of said chapter 272; posing or exhibiting a child in a state of nudity under the provisions of section 29A of said chapter 272; dissemination of visual material of a child in a state of nudity or sexual conduct under the provisions of section 29B of said chapter 272; possession of child pornography under the provisions of section 29C of said chapter 272; unnatural and



EXHIBIT

B

(Pg. 1 of 11)

# ADDENDUM

**STATUTES**

**G.L. CH. 123A** (1958)

CHAP. 646. AN ACT FURTHER PROVIDING FOR THE EXAMINATION, COMMITMENT, CARE, TREATMENT AND REHABILITATION OF CERTAIN SEXUALLY DANGEROUS PERSONS.

*Whereas,* The deferred operation of this act would tend to defeat its purpose, which is to provide for the examination, commitment, care, treatment and rehabilitation of certain sexually dangerous persons and the establishment of facilities therefor, therefore it is hereby declared to be an emergency law, necessary for the immediate preservation of the public safety.

*Be it enacted, etc., as follows:*

**SECTION 1.** The General Laws are hereby amended by striking out chapter 123A and inserting in place thereof the following chapter: -

### CHAPTER 123A

CARE, TREATMENT AND REHABILITATION OF SEXUALLY DANGEROUS PERSONS.

*Section* I. The words "Sexually dangerous person" as used in this chapter shall have

*R.A. 279*

A-1

shall, subject to appropriation, establish such staff positions and employ such administrative, research, technical, legal, clerical and other personnel and consultants as may be necessary to perform the duties of said board, Such staff positions shall not be subject to the provisions of chapter 31 or section 9A of chapter 30. The governor shall fill any vacancy for the unexpired term; provided, however, that as long as there are four sitting members, a vacancy shall not impair the right of the remaining members to exercise the powers of the board.

The sex offender registry board shall promulgate guidelines for determining the level of risk of reoffense and the degree of dangerousness posed to the public or for relief from the obligation to register and shall provide for three levels of notification depending on such risk of reoffense and the degree of dangerousness posed to the public, apply the guidelines to assess the risk level of particular offenders, develop guidelines for use by city and town police departments in disseminating sex offender registry information, devise a plan, in cooperation with state and local law enforcement authorities and other appropriate agencies, to locate and verify the current addresses of sex offenders including, subject to appropriation, entering into contracts or interagency agreements for such purposes and for conducting hearings as provided in section 178L. The attorney general and the chief counsel of the committee for public counsel services or their designees, shall assist in the development of such guidelines. Factors relevant to the risk of reoffense shall include, but not be limited to, the following:

(a) criminal history factors indicative of a high risk of reoffense and degree of dangerousness posed to the public, including:

(i) whether the sex offender has a mental abnormality;

(ii) whether the sex offender's conduct is characterized by repetitive and compulsive behavior;

(iii) whether the sex offender was an adult who committed a sex offense on a child;

(iv) the age of the sex offender at the time of the commission of the first sex offense;

(v) whether the sex offender has been adjudicated to be a sexually dangerous person pursuant to section 1 of chapter 123A or is a person released from civil commitment pursuant to section 9 of said chapter 123A; and

(vi) whether the sex offender served the maximum term of incarceration;

(b) other criminal history factors to be considered in determining risk and degree of dangerousness, including:

(i) the relationship between the sex offender and the victim;

(ii) whether the offense involved the use of a weapon, violence or infliction of bodily injury;

(iii) the number, date and nature of prior offenses;

(c) conditions of release that minimize risk of reoffense and degree of dangerousness posed to the public, including whether the sex offender is under probation or parole supervision, whether such sex offender is receiving counseling, therapy or treatment, whether such sex offender is residing in a home situation that provides guidance and supervision, including sex offender-specific treatment in a community-based residential program;

(d) physical conditions that minimize risk of reoffense including, but not limited to, debilitating illness;

(e) whether the sex offender was a juvenile when he committed the

or, if in custody, intends to live and work upon release and where the offense was committed and to the Federal Bureau of Investigation. A level 3 community notification plan shall require the police department to notify organizations in the community which are likely to encounter such sex offender and individual members of the public who are likely to encounter such sex offender. Neighboring police districts shall share sex offender registration information of level 3 offenders and may inform the residents of their municipality of a sex offender they are likely to encounter who resides in an adjacent city or town. The police shall actively disseminate in such time and manner as such police department deems reasonably necessary: (i) the name of such sex offender; (ii) home address; (iii) work address; (iv) the offense for which he was convicted or adjudicated and the date of the conviction or adjudication; (v) the sex offender's age, sex, race, height, weight, eye and hair color; and (vi) a photograph of the sex offender, if available; provided, however, that the police shall not release information identifying the victim by name, address or relation to the sex offender. All notices to the community shall include a warning regarding the criminal penalties for use of sex offender registry information to commit a crime or to engage in illegal discrimination or harassment of an offender and the punishment for threatening to commit a crime under the provisions of section 4 of chapter 275. The public shall have access to the information regarding a level 3 offender in accordance with the provisions of sections 178I and 178J.

If the board, in finally giving an offender a level 3 classification, also concludes that such sex offender should be designated a sexually violent predator, the board shall transmit a report to the sentencing court explaining the board's reasons for so recommending, including specific identification of the sexually violent offense committed by such sex offender and the mental abnormality from which he suffers. The report shall not be subject to judicial review under section 178M. Upon receipt from the board of a report recommending that a sex offender be designated a sexually violent predator, the sentencing court, after giving such sex offender an opportunity to be heard and informing the sex offender of his right to have counsel appointed if he is deemed to be indigent in accordance with section 2 of chapter 211D, shall determine, by a preponderance of the evidence, whether such sex offender is a sexually violent predator. An attorney employed or retained by the board may make an appearance, subject to section 3 of chapter 12, to defend the board's recommendation. The board shall be notified of the determination. A determination that a sex offender should not be designated a sexually violent predator shall not invalidate such sex offender's classification. Where the sentencing court determines that such sex offender is a sexually violent predator, dissemination of the sexually violent predator's registration data shall be in accordance with a level 3 community notification plan; provided, however, that such dissemination shall include such sex offender's designation as a sexually violent predator.

(d) The board may, upon making specific written findings that the circumstances of the offense in conjunction with the offender's criminal history do not indicate a risk of reoffense or a danger to the public and the reasons therefor, relieve such sex offender of any further obligation to register, shall remove such sex offender's registration information from the registry and shall so notify the police departments where said sex offender lives and works or, if in custody, intends to live and work upon release and where the offense was committed and the Federal

result in a waiver of such right and the registration requirements, if any, and the board's recommended classification shall become final.

(b) The district attorney for the county where such sex offender was prosecuted may, within ten days of a conviction or adjudication of a sexually violent offense, file a motion with the board to make an expedited recommended classification upon a showing that such sex offender poses a grave risk of imminent reoffense. If the petition is granted, the board shall make such recommendation within ten days of the expiration of the time to submit documentary evidence. If the petition is not granted, the board shall make such recommended classification as provided above.

(c) In the case of any sex offender not in custody, upon receiving registration data from the agency or the sentencing court, the board shall promptly notify the sex offender of his right to submit to the board documentary evidence relative to his risk of reoffense and the degree of dangerousness posed to the public and his duty to register, if any, according to the provisions of section 178E. If such sex offender is a juvenile at the time of such notification, notification shall also be mailed to such sex offender's legal guardian or agency having custody of the juvenile in the absence of a legal guardian and his most recent attorney of record. Such sex offender may submit such evidence to the board within 30 days of receiving such notice from the board. Upon a reasonable showing, the board may extend the time in which a sex offender may submit such documentary evidence. Upon reviewing such evidence, the board shall promptly notify such sex offender of the board's recommended sex offender classification, his duty to register, if any, and his right to petition the board to request an evidentiary hearing to challenge such classification and duty, his right to retain counsel to represent him at such hearing and his right to have counsel appointed for him if he is found to be indigent by the justice of the superior court of the county in which he resides, using the standards of Supreme Judicial Court Rule 3:10; provided, however, that such indigent offender may also apply for and the court may grant payment of fees for an expert witness in any case where the board in its classification proceeding intends to rely on the testimony or report of an expert witness prepared specifically for the purposes of the classification proceeding. Such sex offender shall petition the board for such hearing within 20 with such a request within 30 days shall be punishable by a fine of not more than $1,000 per day.

Section 178L. (1) Upon review of any information useful in assessing the risk of reoffense and the degree of dangerousness posed to the public by the sex offender, including materials described in the board guidelines and any materials submitted by the sex offender, the board shall prepare a recommended classification of each offender. Such recommendation may be made by board staff members upon written approval by one board member; provided, however, that if the sex offender was a juvenile at the time of the offense, written approval must be given by a board member who is a licensed psychologist or psychiatrist with special expertise in the assessment and evaluation of juvenile sex offenders.

(a) Not less than 60 days prior to the release or parole of a sex offender from custody or incarceration, the board shall notify the sex offender of his right to submit to the board documentary evidence relative to his risk of reoffense and the degree of dangerousness posed to the public and his duty to register according to the provisions of section 178E. If the sex offender is a juvenile at the time of such notification, notification shall

and the court may grant payment of fees for an expert witness in any case where the board in its classification proceeding intends to rely on the testimony or report of an expert witness prepared specifically for the purposes of the classification proceeding. Such sex offender shall petition the board for such hearing within 20 days of receiving such notice. The board shall conduct such hearing in a reasonable time according to the provisions of subsection (2). The failure to petition the board for such hearing shall result in a waiver of such right and the registration requirements, if any, and the board's recommended classification shall become final.

(2) If an offender requests a hearing in accordance with subsection (1), the chair may appoint a member, a panel of three board members or a hearing officer to conduct the hearing according to the standard rules of adjudicatory procedure or other rules which the board may promulgate and shall determine by a preponderance of evidence such sex offender's duty to register and final classification. The board shall inform offenders requesting a hearing under the provisions of subsection (1) of their right to have counsel appointed if a sex offender is deemed to be indigent as determined by the board using the standards under chapter 211D. If the sex offender does not so request a hearing, the recommended classification and determination of duty to register shall become the board's final classification and determination and shall not be subject to judicial review. All offenders who are juveniles at the time of notification shall be represented by counsel at the hearing.

Section 178M. An offender may seek judicial review, in accordance with section 14 of chapter 30A, of the board's final classification and registration requirements. The court shall, if requested, appoint counsel to represent the sex offender in the proceedings if such sex offender is deemed indigent in accordance with section 2 of chapter 211D. An attorney employed or retained by the board may make an appearance, subject to section 3 of chapter 12, to defend the board's decision. The court shall reach its final decision within 60 days of such sex offender's petition for review.

Section 178N. Information contained in the sex offender registry shall not be used to commit a crime against a sex offender or to engage in illegal discrimination or harassment of an offender. Any person who uses information disclosed pursuant to the provisions of sections 178E to 178P, inclusive, for such purpose shall be punished by not more than two and one-half years in a house of correction or by a fine of not more than $1,000 or by both such fine and imprisonment.

Section 178O. Police officials and other public employees acting in good faith shall not be liable in a civil or criminal proceeding for any dissemination of sex offender registry information or for any act or omission pursuant to the provisions of section 178D to 178P, inclusive.

Section 178P. Whenever a police officer has probable cause to believe that a sex offender has failed to comply with the registration requirements of sections 178E to 178P, inclusive, such officer shall have the right to arrest such sex offender without a warrant and to keep such sex offender in custody.

SECTION 3. Section 1 of chapter 123A of the General Laws, as appearing in the 1996 Official Edition, is hereby amended by inserting, after the word "meanings", in line 2, the following paragraph:-

"Agency with jurisdiction," the agency with the authority to direct the release of a person presently incarcerated, confined, or committed to

(b) When the district attorney or the attorney general determines that the prisoner or youth in the custody of the department of youth services is likely to be a sexually dangerous person, as defined in section 1, the district attorney or the attorney general at the request of the district attorney, may file a petition alleging that the prisoner or youth is a sexually dangerous person in the superior court where the prisoner or youth is committed or in the superior court of the county where the sexual offense occurred.

(c) Upon the filing of a petition under this section, the court in which the petition was filed shall determine whether probable cause exists to believe that the person named in the petition is a sexually dangerous person. Such person shall be provided with notice of, and an opportunity to appear in person at, a hearing to contest probable cause.

(d) At the probable cause hearing, the person named in the petition shall have the following rights: (i) to be represented by counsel; (ii) to present evidence on such person's behalf, (iii) to cross-examine witnesses who testify against such person; and (iv) to view and copy all petitions and reports in the court file.

Section 13.(a) If the court is satisfied that probable cause exists to believe that the person named in the petition is a sexually dangerous person, the prisoner or youth shall be committed to the treatment center for a period not exceeding 60 days for the purpose of examination and diagnosis under the supervision of two qualified examiners who shall, within said period, file with the court a written report of the examination and diagnosis and their recommendation of the disposition of the person named in the petition.

(b) The court shall supply to the qualified examiners copies of any juvenile and adult court records, which records shall contain, if available, a history of previous juvenile and adult offenses, previous psychiatric and psychological examination and such other information as may be pertinent or helpful to the examiners in making the diagnosis and recommendation. The district attorney or the attorney general shall provide a narrative or police reports for each sexual offense, as well as any psychiatric, psychological, medical or social worker records in his possession. The agency of jurisdiction over the person named in the petition shall provide such examiners with copies of any incident reports arising out of the person's incarceration or custody.

(c) The person named in the petition shall be entitled to counsel and, if indigent, the court shall appoint an attorney. All written documentation submitted to the two qualified examiners shall also be provided to counsel for the person named in the petition and to the district attorney and attorney general.

(d) Any person subject to an examination pursuant to the provisions of this section may retain a psychologist or psychiatrist who meets the requirements of a "qualified examiner" to perform an examination on his behalf. If the person named in the petition is indigent, the court shall provide for a "qualified examiner".

Section 14.(a) The district attorney or the attorney general at the request of the district attorney may petition the court for a trial by jury. Such petition must be made within 14 days of the filing of the report of the two qualified examiners. If such petition is timely filed within the allowed time, the court shall notify the person named in the petition and his attorney, the district attorney and the

department of youth services at any time prior to the decision of the jury, the court may temporarily commit such person to the treatment center pending disposition of the petition.

Section 15. If an offender has been found incompetent to stand trial and his commitment is sought and probable cause has been determined to exist, the court, without a jury, shall hear evidence and determine whether the offender did commit the act or acts charged before conducting the trial. The hearing on the issue of competence shall comply with all procedures specified in section 14, except with respect to trial by jury. The rules of evidence applicable in criminal cases shall apply and all rights available to criminal defendants at criminal trials, other than the right not to be tried while incompetent, shall apply. After hearing evidence, the court shall make specific findings relative to whether the offender did commit the act or acts charged; the extent to which the cause of the offender's incompetence to stand trial affected the outcome of the hearing, including its effect on the offender's ability to consult with and assist counsel and to testify on his own behalf, the extent to which the evidence could be reconstructed without the assistance of the offender; and the strength of the prosecution's case. If the court finds, beyond a reasonable doubt, that the offender did commit the act or acts charged, the court shall enter a final order, subject to appeal by the person named in the petition, and the court may proceed to consider whether the offender is a sexually violent person according to the procedures set forth in sections 12 to 14, inclusive. Any determination made under this section shall not be admissible in any subsequent criminal proceeding.

SECTION 8. Chapter 127 of the General Laws, as appearing in the 1996 Official Edition, is hereby amended by inserting, after section 133C, the following section:-

Section 133D. (a) A person upon whom a sentence of community parole supervision for life has been imposed under the provisions of section 45 of chapter 265, shall be subject to the jurisdiction of the parole board for the term of such sentence.

Except as otherwise provided in this section, a person serving such sentence of community parole supervision for life shall be subject to the provisions of law governing parole as if such person were a parolee. The parole board shall impose terms and conditions for such sentence within 30 days prior to the commencement of community parole supervision. Such terms and conditions may be revised, altered and amended by the parole board at any time.

A person under community parole supervision for life shall be under the jurisdiction, supervision and control of the parole board in the same manner as a person under parole supervision. The board is authorized to establish such conditions of community parole supervision for life, on an individual basis, as may be necessary to ensure public safety. Such conditions may include protecting the public from such person committing a sex offense or, kidnapping as well as promoting the rehabilitation of such person. Such conditions shall include sex offender treatment with a recognized treatment provider in the field for as long as the board deems necessary, and compliance with the requirements of sections 178D to 178P, inclusive, of chapter 6.

The board is authorized to impose and enforce a supervision and rehabilitation fee upon a person on community parole supervision. To the

interest is not served by further community parole supervision.

(5) If a petition for release from supervision is denied by the board, such person may not file another such petition for a period of three years.

(c) An individual who violates a condition of community parole supervision shall be subject to the provisions of section 149; provided, however, if the parolee has served the entire period of confinement under his original sentence, the original term of imprisonment shall, upon a first violation, be increased to imprisonment in a house of correction for 30 days, if such violation does not otherwise constitute a criminal offense, and upon a second violation, said original term of imprisonment shall be increased 180 days in the house of correction if such violation does not otherwise constitute a criminal offense, and upon a third or subsequent violation, said original term of imprisonment shall be increased to one year in the house of correction, if such violation does not otherwise constitute a criminal offense; and provided, further, that if such violation otherwise constitutes a criminal offense, such increased term of imprisonment shall be served on and after any sentence received for commission of the new offense.

SECTION 9. Chapter 211D of the General Laws, as appearing in the 1996 Official Edition, is hereby amended by adding the following section:-

Section 16. Such committee shall establish, supervise and maintain a system for the appointment of counsel for the provision of legal services for indigents, subject to the sex offender registry classification system and appeals arising therefrom pursuant to sections 178C to 178P, inclusive, of chapter 6.

SECTION 10. Section 26 of chapter 265 of the General Laws, as appearing in the 1996 Official Edition, is hereby amended by striking out the second sentence.

SECTION 11. Said section 26 of said chapter 265, as so appearing, is hereby further amended by adding the following paragraph:-

Whoever, without lawful authority, forcibly or secretly confines or imprisons a child under the age of 16 within the commonwealth against his will or forcibly carries or sends such person out of the commonwealth or forcibly seizes and confines or inveigles or kidnaps a child under the age of 16 with the intent either to cause him to be secretly confined or imprisoned in the commonwealth against his will or to cause him to be sent out of the commonwealth against his will or in any way held to service against his will, shall be punished by imprisonment in the state prison for not more than 15 years. The provisions of the preceding sentence shall not apply to the parent of a child under 16 years of age who takes custody of such child.

SECTION 12. Chapter 265 of the General Laws, as appearing in the 1996 Official Edition, is hereby amended by adding at the end thereof the following section:-

Section 45. Any person who commits indecent assault and battery on a child under 14 under the provisions of section 13B of chapter 265, indecent assault and battery on a mentally retarded person under the provisions of the first paragraph of section 13F of chapter 265, or indecent assault and battery on a person who has obtained the age of 14 under the provisions of section 13H of chapter 265 may, in addition to the term of imprisonment authorized by such statute, be punished by a term of community parole

At such hearing, the defendant shall have the right to be represented by counsel, and, if financially unable to retain adequate representation, to have counsel appointed. The defendant shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information. The rules concerning admissibility of evidence in criminal trials shall not apply to the presentation and consideration of information at the hearing. A finding by the court that such person shall be committed to community parole supervision for life shall be supported by clear and convincing evidence.

In making his determination the judge shall, on the basis of any information which he can reasonably obtain, consider any mitigating or aggravating circumstances including, but not limited to, the defendant's character, propensities, criminal record, the nature and seriousness of the danger posed to any person or the community and the nature and circumstances of the offense for which the defendant is convicted. If the judge finds, by clear and convincing evidence, that no reasons for community parole supervision for life to be served under the jurisdiction of the parole board, as set forth in section 133C of chapter 127, exist, the judge shall not impose community supervision for life on such first offender.

Whenever a person is convicted of a first offense under section 22, 22A, 23, 24, 24B or 26 of chapter 265, or section 3 or 35A of chapter 272, or for a first attempt of any of the aforementioned crimes under the provisions of section 6 of chapter 274, the district attorney may file a motion with the sentencing judge requesting that the defendant not receive community parole supervision for life, and upon receipt of such motion the sentencing judge shall not impose community parole supervision for life on such first offender.

SECTION 14. Notwithstanding the provisions of section 2 of this act, the initial term of appointment for two members of the sex offender registry board shall be two years, the initial term of appointment for two members of the board shall be three years and the initial term of appointment for two members shall be four years. The members presently serving as the sex offender registry board shall serve on the sex offender registry board until the expiration of their respective terms and their reappointment or the appointment of their successors.

SECTION 15. Notwithstanding the provisions of sections 178K and 178L of chapter 6 of the General Laws, the board shall adopt rules and regulations providing for evidentiary hearings in accordance with said section 178L prior to conducting any such hearings and shall file copies of such rules and regulations with the committee on criminal justice not later than 60 days after such rules and regulations are adopted. Such rules and regulations shall include, but not be limited to, provision for notice and opportunity to be heard by the offender, provision for appointment of counsel if the offender is found to be indigent as determined by the board using the standards under chapter 211D of the General Laws and notification to the offender of his right to seek judicial review pursuant to section 14 of chapter 30A of the General Laws if he is aggrieved by a decision of the board.

SECTION 16. The sex offender registry board and the chief counsel for the committee for public counsel services shall annually prepare reports setting out the costs incurred by each such agency as a direct result of the implementation of this act. The report by the board shall include the status of the classification and registration of sex offenders. The annual reports shall be submitted to the clerks of the house of representatives and