UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

SANDY J. BATTISTA, )
    Plaintiff, )
)
vs. ) CIVIL ACTION
) NO#03-12643-MEL.
ROBERT MURPHY, Superintendent, )
    Defendant. )

### MOTION FOR LEAVE TO ADD A "PARTY DEFENDANT," AND "ADDITIONAL FACTS" AND "CAUSES OF ACTION" TO PLAINTIFF'S AMENDED VERIFIED COMPLAINT

Plaintiff, Sandy J. Battista, acting pro-se in the above entitled matter, respectfully moves that this Court grant her leave to add a "Party Defendant," along with additional "Facts" and "Causes of Action" to her Amended Verified Complaint. As grounds therefore, plaintiff states the following:

1) On 1/29/04, plaintiff submitted her Motion for Leave to Amend her Complaint, along with her Amended Complaint. (On file).

2) On 2/25/04, this Court (Lasker, J.), ALLOWED plaintiff's Motion for Leave to Amend her original Complaint. (On file).

3) On 3/23/04, plaintiff has learned of additional facts, which bare directly on the claims at hand, which could not have reasonably have been revealed or included, as reflected below.

ADDITIONAL PARTY DEFENDANT:

2(a) The Defendant, Kathleen M. Dennehy ("Dennehey"), is and was at all times relevant to this Complaint, the successor in Office over defendant Maloney, newly appointed to fulfill all defendant Maloney's statutory and administrative duties and ob-

ligations. Which include, but not limited to, promulgation of rules, regulations, policies and procedures through-out the Department of Correction state correctional facilities, including the Treatment Center, and for the "care, custody, treatment, and rehabilitation" of all persons civilly committed, like the plaintiff, housed at the Treatment Center. Defendant Dennehy at all times relevant to this complaint has acted under "color of state law," and is sued in her individual and official capacities.

ADDITIONAL FACTS:

37) On 3/23/04, plaintiff was seen at the Lemuel Shattuck Hospital's Endocrinology Clinic.

38) During this consultation, inmate Kenny Hunt, currently incarcerated and housed at MCI-Shirley Medium was also being seen at the Lemuel Shattuck's Endocrinology Clinic.

39) Inmate Hunt, a friend of plaintiff's while incarcerated herself, informed her that he was being seen at the Endocrinology Clinic for consultation as a result of the Department of Correction allowing him female hormones while remaining in the general prison population.

40) Inmate Hunt also explained to this plaintiff that the Department of Correction was also allowing inmate Michelle Kosilek, currently incarcerated at MCI-Norfolk, the exact same treatment while remaining in the general prison population, along with allowing him to retain a make-up kit.

41) Both inmates Hunt and Kosilek are currently incarcerated to a state adult prison. 1/

42) Persons civilly committed, like the plaintiff, are

-3-

constitutionally entitled to "more considerate treatment and conditions of confinement, than prisoners, whose conditions of confinement are designed to punish."

43) The defendant's have treated this plaintiff's medical needs differently from those of other similarly situated inmates solely on the basis of class, i.e., state prisoners with gender disorders.

ADDITIONAL CAUSES OF ACTION:

44) The plaintiff reasserts the allegations contained in paragraphs 1 through 43 of the Amended Complaint, as if fully set forth herein.

45) The actions of the defendant's in failing to provide the plaintiff with female hormone therapy, where such treatment has been provided to state prisoners suffering from analagous medical conditions, without a rational basis and legitimate purpose constitutes a denial of equal protection pursuant to Art. I of the Mass. Declaration of Rights and the Fourteenth Amendment to the United States Constitution.

46) The plaintiff reasserts the allegations contained in paragraphs 1 through 43 of the Amended Complaint, as if fully set forth herein.

47) The actions of the defendant's in failing to provide the plaintiff with female hormone therapy, where such treatment has been provided to state prisoners suffering from analagous medical conditions, constitutes a violations of the constitutional guarantees that persons civilly committed, like the plaintiff, are entitled to "more considerate treatment and cond-

itions of confinement than prisoners, whose conditions of confinement are designed to punish," pursuant to the Fourteenth Amendment to the United States Constitution.

WHEREFORE, it is respectfully prayed that this Court grant the following relief:

(1) grant plaintiff's Motion for Leave to add a "party defendant," and additional "facts" and "causes of action;"

(m) issue a declaratory judgment that defendant's actions and behaviors as described herein constitute a violation of plaintiff's equal protection rights, and her constitutional guarantees to "more considerate treatment and conditions of confinement, than prisoners, whose conditions of confinement are designed to punish;" and

(n) an injunction ordering defendant's to immediately allow and provide the plaintiff with the same level of treatment, if not more, in which they have provide inmates Hunt and Kosilek, i.e., surgical castration and female hormone therapy.

Dated: 3/26/04.                   Respectfully submitted,

                                  Sandy J. Battista, #M-15930
                                  Plaintiff/Pro-se
                                  Mass. Treatment Center
                                  30 Administration Rd.
                                  Bridgewater, Mass. 02324

-5-

## CERTIFICATE OF VERIFICATION

I, Sandy J. Battista, the undersigned, hereby certify that all of the information contained herein is true and accurate to the best of my personal knowledge and belief, and my records show them to be, except as to those matters alleged upon information and belief, and as to those matters I believe them to be true and accurate.

Signed under the pains and penalties of perjury this 26th day of March, 2004.

Sandy J. Battista, #M-15930
Plaintiff/Pro-se

---

[1] It is noted here that, as a prerequisite to being allowed such treatment while incarcerated, neither inmate Hunt or Kosilek was required to provide any proof that they were or were not receiving such treatment prior to their incarceration.