```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

SANDY J. BATTISTA,             )
        Plaintiff,             )
                               )   C.A. No. 03-12643-MEL
        v.                     )
                               )
ROBERT MURPHY, et al.,         )
        Defendants.            )

--------------------------------

SANDY J. BATTISTA,             )
        Plaintiff,             )
                               )   C.A. No. 04-10226-MEL
        v.                     )
                               )
ROBERT MURPHY, et al.,         )
        Defendants.            )
```

MEMORANDUM AND ORDER

For the reasons stated below, (1) the court construes plaintiff's supplemental affidavits as requests for reconsideration of the denial of her applications to proceed without prepayment of fees; (2) denies plaintiff's requests for reconsideration; (3) plaintiff is advised that these actions are subject to dismissal for failure to pay the filing fee; and (4) if plaintiff wishes to proceed with these actions, she shall pay, within fourteen days from the date of this Memorandum and Order, the $150.00 filing fee for each action she wishes to have proceed.

BACKGROUND

Now before the Court are two supplemental affidavits

filed by Sandy J. Battista, a civilly committed patient[1] at the Massachusetts Treatment Center.  See C.A. Nos. 03-12643-MEL, 04-10226-MEL.

By Memorandum and Order dated May 25, 2004, the Application to Proceed Without Prepayment of Fees plaintiff filed in C.A. No. 04-10226-MEL was denied because plaintiff had sufficient funds to pay the filing fee.  See Docket No. 5.  Plaintiff was granted thirty-five days to pay the $150.00 filing fee.  Id.

By Memorandum and Order dated May 27, 2004, the Application to Proceed Without Prepayment of Fees plaintiff filed in C.A. No. 03-12643-MEL was denied because plaintiff had sufficient funds to pay the filing fee.  See Docket No. 9.  Plaintiff was granted thirty-five days to pay the $150.00 filing fee.  Id.

On May 28, 2004, plaintiff filed a supplemental affidavit in C.A. No. 03-12643-MEL explaining that her financial status has decreased since filing her prior Application to Proceed Without Prepayment of Fees.  See Docket No. 11.  Plaintiff's supplemental affidavit is accompanied by an inmate transaction

---

[1] Plaintiff was formerly known as David E. Megarry, Jr.  Because plaintiff refers to himself with female pronouns, the attached order states "[t]he Court recognizes that the pleadings refer to plaintiff with female pronouns and will refer to plaintiff using female pronouns.

report dated May 26, 2004.  Id.

On June 8, 2004, plaintiff filed a supplemental affidavit in C.A. No.04-10226-MEL, again explaining that her financial status has decreased since filing her prior Application to Proceed Without Prepayment of Fees.  See Docket No. 6. Plaintiff's supplemental affidavit is accompanied by an inmate transaction report also dated May 26, 2004.  Id.

On June 3, 2004, plaintiff filed notices of appeal in both actions.  See Docket No. 12, C.A. No. 03-12643-MEL; Docket No. 7, C.A. No. 04-10226-MEL.

## DISCUSSION

The Court will construe plaintiff's supplemental affidavit as a request for reconsideration of the denial of her application to proceed without prepayment of fees. Plaintiff avers that her financial status has decreased because she has purchased "necessary personal clothing, hygiene supply's (sic), and postage on a weekly basis for on-going legal pursuits.  See Supplemental Affidavits, Docket Nos. 6, 11.  Plaintiff further avers that the decrease in her funds "was not to avoid the ability to pay filing fees."  Id.

At the time plaintiff's Applications to Proceed Without Prepayment of Fees were filed in March, plaintiff's inmate account statement revealed a balance of $1,290.69.  See Docket

No. 4. Now, plaintiff has $953.23 in her inmate account. I find that such funds are sufficient to pay the filing fees in these two actions.

ORDER

Based upon the foregoing, plaintiff's requests for reconsideration of her applications to proceed without prepayment of fees are denied. If plaintiff wishes to proceed with these actions, she shall pay, within fourteen days from the date of this Memorandum and Order, the $150.00 filing fee for each action she wishes to have proceed, or be subject to dismissal for failure to pay the filing fee.

SO ORDERED.

Dated at Boston, Massachusetts, this 21st day of June, 2004.

                                      /s/ Morris E. Lasker
                                      Morris E. Lasker
                                      UNITED STATES SENIOR DISTRICT JUDGE